In the Matter of Donald L. CRADDICK.

No. 4375.

Supreme Court of Alaska.

July 13, 1979.

Donald L. Craddick, Sitka, pro se.

William W. Garrison, Anchorage, for Alaska Bar Ass'n.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION AND ORDER

RABINOWITZ, Chief Justice.

This matter comes before the Supreme Court of Alaska pursuant to the provisions of Rule 16(c) of the Alaska Bar Rules[1] for review of the recommendation of the Board of Governors of the Alaska Bar Association, acting as the Disciplinary Board, that Donald L. Craddick, respondent, receive public admonitions for three separate violations of the Code of Professional Responsibility.

Disciplinary proceedings were commenced by counsel for the Alaska Bar Association's filing of a petition for formal hearing in which respondent was charged with four separate violations of the Code of Professional Responsibility. After notice and a full hearing, the Area Disciplinary Committee for the First Judicial District found that respondent had violated the Code of Professional Responsibility as alleged in three counts of the petition and recommended that public censures be administered as a consequence of respondent's violations of the Code.[2]

In the first of the three counts involved in this proceeding, it was asserted that respondent violated Disciplinary Rule 7–105(A) in that he employed a threat of criminal prosecution to gain an advantage in a civil matter.[3] The second count charged that respondent violated Disciplinary Rule 5–105 by ignoring a conflict of interest and failing to refuse to accept or continue employment when the interests of another client impaired his independent professional judgment.[4] The final count alleged another conflict of interest violation of Disciplinary Rule 5–105, arising from a totally separate factual situation, as well as a failure to maintain a confidence of a client in violation of Disciplinary Rule 4–101(B).[5] In its unanimous formal conclusions and recommendations, the Area Disciplinary Committee found clear violations by respondent of the implicated Disciplinary Rules.

Thereafter, the matter was reviewed, on the record, by the Board of Governors of

---

1. At the time this petition was brought, Rule 16(c), Alaska Bar Rules, provided, in pertinent part:

   In the event that the Board shall determine that the matter should be concluded by public censure, suspension, or disbarment, it shall submit its conclusions and recommendations in writing, together with the entire record, including a transcript of any proceedings before the hearing committee and the Board, to the Court. . . . The Court shall review the record and briefs submitted and enter an appropriate order.

2. Count I of the petition alleged unauthorized advertising, a violation of DR 2–102(A). This count was dismissed by the Area Disciplinary Committee on the basis that *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), was controlling.

3. DR 7–105 provides:

   *Threatening Criminal Prosecution.*

   (A) A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.

4. DR 5–105 reads, in part:

   *Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer.*

   (A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5–105(C).

   .   .   .   .   .

   (C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

5. DR 4–101(B) provides:

   Except when permitted under DR 4–101(C) and (D), a lawyer shall not knowingly during or after termination of the professional relationship to his client:

   (1) Reveal a confidence or secret of his client.

   (2) Use a confidence or secret of his client to the disadvantage of the client.

   (3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

the Alaska Bar Association, acting as a Disciplinary Board. The recommendations of the Area Disciplinary Committee were unanimously adopted with the Board concluding that respondent's violations of the Disciplinary Rules, heretofore mentioned, were of a "clear and flagrant" character, and that respondent receive, as the appropriate sanctions, public admonitions.

Based upon our independent review of the record, we have determined that there is an adequate evidentiary foundation supporting the Disciplinary Board's adoption of the findings and recommendations of the Area Disciplinary Committee. We are of the further view that this same evidentiary base discloses violations of the relevant Disciplinary Rules.[6] We thus conclude that the findings and conclusions of the Disciplinary Board of the Alaska Bar Association should be Affirmed and that respondent should receive a public censure.

IT IS ORDERED:

The findings and recommendations of the Disciplinary Board of the Alaska Bar Association are Affirmed.

Donald L. Craddick is publicly censured for violations of the Code of Professional Responsibility.

BOOCHEVER, J., not participating.

---

**6.** With regard to the first violation of the Disciplinary Rules of the Code of Professional Responsibility, concerning employing a threat of criminal prosecution to gain an advantage in a civil matter, respondent has expressed a continued belief that his conduct did not violate the Code, apparently because the threat of criminal prosecution was not directly stated. However, we think the findings and conclusions of the Area Disciplinary Committee, which are based on substantial evidence in the hearing record, amply indicate a violation of Disciplinary Rule 7–105(A) through implication and innuendo. As a result of the meeting out of which the disciplinary charges arose, the attorney for the threatened party, who was present at the meeting, thought that criminal charges were going to be filed against his client as a consequence of her refusal to admit to respondent her theft of a substantial sum of money and agree to its restitution, when, in fact, there was no evidence of a crime which would have supported a criminal prosecution. We think that the conduct of respondent, in misleading another party into believing that she was subject to criminal prosecution because of her refusal to make restitution of money alleged to be stolen, was a clear violation of the Code of Professional Responsibility.